**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

GLORIA SUN JUNG YUN,

               Plaintiff,

    v.

GLADIACOIN.COM, et al.,

               Defendant

CIVIL ACTION NO. 3:17-CV-01267

(MARIANI, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

Before the Court is a petition for subpoena[s] filed by *pro se* Plaintiff Gloria Sun Jung Yun. (Doc. 6). Plaintiff requests the Court send subpoenas to a collection of internet service providers, social media platforms, website hosting companies, and email providers in order to identify the Defendants named to this action. No Defendant has been served, as Plaintiff is without necessary identifying information in order to effectuate service.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). As observed in prior actions before the Court, the Rules "offer little guidance as to when it is appropriate to authorize expedited and/or early discovery," and the Third Circuit Court of Appeals has not "adopted a standard for evaluating such requests[.]" *See Koch v. Koch*, No. 3:16-CV-37, 2016 WL 3191244, at *13 (M.D. Pa. June 3, 2016) (quoting *Kone Corp. v. Thyssenkrupp USA, Inc.,* No. 11–465, 2011 WL 4478477 (D.Del. Sept. 26, 2011). As a result, courts in this circuit have applied two standards to early discovery requests; one akin to the standards for a preliminary injunction and another evaluating the request for "good cause" or reasonableness. *See Koch*, 2016 WL 3191244, at *13;

*Holdings, LLC v. Does 1-50*, No. 13-1143, 2013 WL 1336792, at \*2 (E.D. Pa. Apr. 3, 2013). However, the prevailing standard is that of good cause. *Wiluna Holdings, LLC*, 2013 WL 1336792, at \*2.

"On ruling on a motion for expedited discovery, the court should consider the 'entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances.'" *Koch*, 2016 WL 3191244, at \*13 (quoting *Malibu Media LLC v. Doe*, No. 1:15-CV-1129, 2015 WL 3795948, at \*2 (M.D. Pa. June 18, 2015)). "Good cause is usually found where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant[.]" *Koch*, 2016 WL 3191244, at \*13 (quoting *Malibu Media LLC*, 2015 WL 3795948, at \*2). Courts should balance "'the need for discovery at an early juncture' against 'the breadth of the discovery requests and the prejudice to the responding party.'" *Wiluna Holdings, LLC*, 2013 WL 1336792, at \*2.

In considering Plaintiff Yun's request, the Court is tasked with balancing the need for discovery to ascertain identifying information for service of the complaint upon the Defendants, with the potential prejudice in requesting third-parties release of personal information. Plainly, this action cannot proceed without limited discovery to effect service. However, the breadth of some of the requests—for example, cell phone records from one Defendant—seek information in excess of what is necessary in order to identify and serve the Defendants. At this juncture, the Court will allow for service of subpoenas upon Godaddy.com, LLC, Cloudflare, Inc., and AT&T, with limitations. Plaintiff is permitted to request *only* the name and address for the subscriber at the IP addresses and the registrant for the domain names identified in Plaintiff's complaint. The remainder of the information sought may well be discoverable later in litigation,

but the needs of the Plaintiff pre-discovery do not permit for court-ordered disclosure beyond information for the sole purpose of service.[1]

An appropriate Order follows.

Dated: May 4, 2018                                                        *s/ Karoline Mehalchick*
                                                                **KAROLINE MEHALCHICK**
                                                                **United States Magistrate Judge**

---

[1] *See Manny Film LLC v. John Doe Subscriber assigned IP address 69.115.108.188*, No. CIV. A. 15-1523 JLL, 2015 WL 1880532, at \*3 (D.N.J. Apr. 22, 2015); *W. Coast Prods., Inc. v. Does 1-169*, No. 2:12-CV-5930-WHW-SCM, 2013 WL 3793969, at \*4 (D.N.J. July 19, 2013)